UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10820-GAO

MARK A. GUSTAFSON,
Plaintiff,

v.

TOWN OF SHIRLEY, PETER VIOLETTE, IN HIS OFFICIAL CAPACITY, SAMUEL
SANTIAGO, IN HIS OFFICIAL CAPACITY, PAUL G. THIBODEAU, IN HIS OFFICIAL
CAPACITY, SHARI JENSON AND OAK LEAF TRUST,
Defendants.

ORDER
March 27, 2012

O'TOOLE, D.J.

The plaintiff, Mark Gustafson, filed suit against various defendants alleging that his arrest

on April 15, 2005, and related events violated various state and federal rights. The defendants

have moved to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

The Complaint alleges that on April 15, 2008, the Shirley Police Department received a

report that persons were stealing heating oil from a unit in a mobile home park. The defendants

Violette and Santiago were sent to investigate. When they arrived, the police officers saw the

plaintiff removing heating oil from a tank adjacent to a unit in which he did not reside, and they

questioned the plaintiff about what he was doing. The plaintiff said he had permission from the

unit's owner to take the oil, and he asked the officers to confirm that by calling the owner,

Patricia Leblanc. Officer Violette spoke with Leblanc, who confirmed the plaintiff's account.

Violette then sought out a manager of the mobile home facility, defendant Shari Jenson, who told

police that Leblanc had been evicted from the relevant unit and the oil belonged to the facility, not to her. Violette then arrested the plaintiff for larceny of the oil, handcuffed him and had him transported to the police station, where he was booked and charged. He was released on bail and arraigned the next day in the Ayer District Court. On June 18, 2008, the complaint against him was dismissed.

A.   Claims Against Police Officers Peter Violette, Samuel Santiago, and Paul G. Thibodeau

   i.   *Probable Cause*

An arrest made with probable cause is lawful, and warrantless arrests supported by probable cause are permissible. Holder v. Sandown, 585 F.3d 500, 504 (1st Cir. 2009); Wilson v. Boston, 421 F.3d 45, 54 (1st Cir. 2005). Probable cause is established when "at the time of the arrest, the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Holder, 585 F.3d at 504. (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). A mere probability that the defendant committed the crime is sufficient to meet the probable cause standard. Id.; see also United States v. Winchenbach, 197 F.3d 548, 555-56 (1st Cir. 1999) ("The probable cause standard does not require the officers' conclusion to be ironclad, or even highly probable."); Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 11 (1st Cir. 2004) ("Probable cause determinations are, virtually by definition, preliminary and tentative.").

Police officers do not have an obligation to investigate potential defenses fully before making a finding of probable cause. Acosta, 386 F.3d at 11; see also Baker v. McCollan, 443 U.S. 137, 145–46 (1979); Franco-de Jerez v. Burgos, 876 F.2d 1038, 1042 (1st Cir. 1989). As

soon as an officer accumulates facts sufficient to support a finding of probable cause, he is permitted to terminate his investigation. Acosta, 386 F.3d at 11.

Here, the police officers had probable cause for the arrest. Despite the plaintiff's contention that he had permission to remove the heating oil from a property in which he did not reside, the facts and circumstances surrounding the plaintiff's arrest were sufficient for a reasonable and prudent police officer to conclude that the plaintiff was committing a crime. Contrary to the plaintiff's allegations, the police officers were not required to investigate Jenson's representation that the property owner, rather than the plaintiff or LeBlanc, owned the heating oil.

The Complaint appears to assume that a warrant or an indictment was necessary for the arrest. There is no such requirement.

Finally, the plaintiff claims that he was unlawfully searched in violation of the Fourth Amendment. However, on the facts pled in the Complaint, if the arrest was lawful because supported by probable cause, then the search of his person incident to the arrest was likewise lawful.

Therefore, the plaintiff's arrest and the subsequent search did not violate his constitutional rights.

   *ii.*  *Qualified Immunity*

In making a warrantless arrest, police officers are generally "entitled to qualified immunity so long as the presence of probable cause is at least arguable." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992) (internal quotations and citation omitted); see also Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985). "A police officer should not be found liable under § 1983 for a warrantless arrest because the presence of probable cause was merely questionable at the time of

the arrest . . . . Qualified immunity is pierced only if there clearly was no probable cause at the time the arrest was made." Floyd, 765 F.2d at 5.

Because the defendants had probable cause for the arrest (and the attendant search), they are also shielded from liability under the doctrine of qualified immunity. The plaintiff's claims against the individual police officers must be dismissed.

> B.     Claims Against the Town of Shirley

The plaintiff also claims that the police chief and the Town of Shirley are liable for their failure to properly train the officers who arrested him. Since the arrest and search were not unlawful, the predicate for the claim under § 1983 fails. See Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 504 (1st Cir. 2011) ("An underlying constitutional tort is required to proceed under a municipal liability theory."); Kennedy v. Billerica, 617 F.3d 520, 531-32 (1st Cir. 2010); Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989). For similar reasons, there can be no liability against either the chief or the Town under state law theories regarding negligent training or supervision.

> C.     Section 1983 Claims Against Oak Leaf Trust and Shari Jenson

The plaintiff also alleges a § 1983 claim against Jenson and Oak Leaf Trust, the owner of the park. These defendants are private parties and not state actors. The claims against them are properly dismissed.  See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (Section 1983 is an avenue through which a plaintiff may seek remedies for an alleged "deprivation tak[ing] place under color of any statute, ordinance, regulation, custom, or usage, of any State . . . .") (internal quotations omitted); Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (To act under color of law requires that the action be "fairly attributable to the [s]tate.").

D.      State Law Claims

All of the plaintiff's state law claims depend necessarily, in one way or another, on the proposition that the police acted improperly in arresting him. None of these claims is viable where it appears from the facts alleged in the Complaint that the arrest was lawful.

E.      Conclusion

For the foregoing reasons, the defendants' motions to dismiss (dkt. nos. 6, 8) are GRANTED, and the plaintiff's claims are all DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge